# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                      **CASE NO. 6:17-cr-273-CEM-EJK**

**THOMAS PORTER**
_____/

## ORDER

This cause comes before the Court following Defendant Thomas Porter's competency hearing held on December 19, 2024. (Doc. 122.) For the reasons stated on the record and herein, the Court finds that Defendant is not competent to proceed to trial. He shall be committed to the custody of the Attorney General for hospitalization and treatment.

On November 5, 2024, counsel for Defendant made an oral motion to request a competency evaluation (Doc. 111), which the Court granted (Doc. 113). At the parties' request, the Court appointed Dr. Greg Iannuzzi, M.D., ("Dr. Iannuzzi"), to examine Defendant and to render an opinion regarding his competency to proceed to trial. (Doc. 117.) Following the submission of Dr. Iannuzzi's report, both the United States and Defendant stated on the record that they do not object to Dr. Iannuzzi's findings regarding Defendant's mental incompetency. (Doc. 122.)

Having considered Dr. Iannuzzi's report, without objection from either party, and after conducting a competency hearing on December 19, 2024, the Court finds that the preponderance of evidence supports a finding that Defendant "is presently suffering

from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The statute directs the Court to "commit . . . [D]efendant to the custody of the Attorney General," who will "hospitalize . . . [D]efendant for treatment in a suitable facility . . . . to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," and "for an additional period of time" until either his mental condition improves so trial may proceed, or the pending charges "are disposed of according to law." *Id.*

Accordingly, it is hereby **ORDERED** as follows:

1. The Court **FINDS** Defendant Thomas Porter is currently not competent to proceed to trial.

2. The Court **COMMITS** Defendant to the custody of the Attorney General, who is **DIRECTED** to hospitalize Defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months from the date Defendant arrives at the designated facility, to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward.

3. The United States is **DIRECTED** to file a report as to Defendant's status prior to the expiration of the four-month treatment period.

4. The United States is **DIRECTED** to file a motion for the release of Defendant from the Attorney General's custody within five days of receipt of a § 4241(e) certificate.[1]

**DONE** and **ORDERED** in Orlando, Florida on December 19, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 4241(e) directs the director of the facility where Defendant will ultimately be housed to file a certificate with the Clerk of the Court upon a determination that Defendant "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." 18 U.S.C. § 4241(e).